# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# HOT SPRINGS DIVISION

**HCA Franchise Corporation**, a Nevada Corporation

**PLAINTIFF**

v.          Case No. 6:16-cv-06126

**Southern Home Care Assistance, Inc.**, an Arkansas corporation; **Zachary F. Smith**, an individual; and **Lindsey R. Smith**, an individual, jointly and severally

**DEFENDANTS**

## ORDER

Before the Court is a Motion for Attorneys' Fees and Costs filed by Plaintiff HCA Franchise Corporation ("HCA"). ECF No. 50. Defendants Southern Home Care Assistance, Inc., Zachary F. Smith, and Lindsey R. Smith (collectively, "Defendants") have filed a response. ECF No. 54. The Court finds this matter ripe for its consideration. For the reasons explained below, HCA's motion is granted in part and denied in part.

## I. BACKGROUND

The factual and procedural history of this litigation is known to the parties and the Court will not repeat it here.[1] The Court, however, will recall a few facts to provide a proper background for the instant motion. On December 9, 2016, HCA filed this action asserting multiple claims against Defendants arising from the alleged violation of a Franchise Agreement executed by the parties, including breach of contract, interference with contractual relations, misappropriation of trade secrets and unjust enrichment. ECF No. 1. As part of its prayer for relief, HCA sought to enjoin Defendants from further violating the Franchise Agreement.

---

[1] An in-depth account of the factual and procedural background of this case may be found in the Court's Order granting HCA's Motion for Contempt. *See* ECF No. 49.

The case was resolved with the entry of a Stipulated Order for Permanent Injunction ("Stipulated Injunction") on December 21, 2016, which enjoined Defendants from engaging in specified acts. ECF No. 11. Notably, the Stipulated Injunction enjoined Defendants from using HCA's trademarks and competing with HCA and its new franchisee in the ways described in the Franchise Agreement. The Stipulated Injunction further directed Defendants to remove all instances of HCA's marks from their business properties; provide copies of any and all customer or client lists relating to their formerly franchised business, retaining no copies; and provide or assign to HCA all telephone numbers that were previously associated with Defendants' former franchised businesses.

In January 2017, HCA filed a motion which asserted that Defendants were in violation of the Stipulated Injunction. ECF No. 19. To that end, HCA sought an order finding Defendants in contempt of court, as well as an award of attorneys' fees and costs associated with bringing the motion. After extensive briefing, the Court held a hearing on the matter on September 7, 2017. On September 27, 2017, the Court entered an order granting HCA's Motion for Contempt. ECF No. 49. Specifically, the Court found that Defendants violated the Stipulated Injunction's non-competition provisions and failed to transfer the phone numbers associated with their former franchise as required by the Stipulated Injunction.

In its order finding Defendants in contempt, the Court found it appropriate to award HCA the attorneys' fees and costs it incurred as a result of bringing the contempt motion. The Court directed HCA to submit verified documentation of the attorneys' fees and costs associated with the motion and permitted Defendants to file a written response on the issue. HCA now brings the instant motion seeking $27,718.50 in attorneys' fees and $207.75 in costs. In response, Defendants

argue that the hourly rate charged by HCA's counsel is unreasonable and the total number of hours expended in this matter is excessive.

## II. DISCUSSION

"A court may award reasonable expenses and attorney's fees incurred in bringing [a] contempt motion as a form of compensatory relief." *Harris v. Wrob*, No. 4:97CV01604 ERW, 2012 WL 666735, at *4 (E.D. Mo. Feb. 29, 2012) (citing *Jake's Ltd. v. City of Coates*, 356 F.3d 896, 900 (8th Cir. 2004)). When determining a reasonable amount of attorneys' fees, "[t]he starting point . . . is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). "Although a counsel's customary rate might be some evidence of a reasonable rate, it is not controlling." *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (citation omitted). "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated." *Id*. (citation and quotations omitted).

After determining the lodestar amount, the Court must then "consider whether other factors not considered in arriving at the lodestar amount suggest upward or downward adjustment to arrive at the appropriate fee award." *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, No. CIV. 00-2031, 2006 WL 1445719, at *1 (W.D. Ark. May 22, 2006) (citing *Hensley*, 461 U.S. at 434).[2] Although the Court "need not exhaustively address every factor[,]. . . the district court should consider those factors, 'in the context of the present case, [that] deserve explicit

---

[2] In assessing the reasonableness of attorneys' fees, the Court considers the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the attorneys' preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3.

consideration.'" *Sherman v. Kasotakis*, 314 F. Supp. 2d 843, 882 (N.D. Iowa 2004) (quoting *Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997-98 (8th Cir.1999)). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. The fee applicant must also make a "good faith effort to exclude from her fee request hours that are excessive, redundant, or otherwise unnecessary." *Microsoft Corp. v. Delta Computer Experts, LLC*, No. 5:08CV0168 BSM, 2009 WL 348268, at *1 (E.D. Ark. Feb. 11, 2009) (citation omitted).

In the present case, HCA's counsel have submitted affidavits and statements for fees and costs in support of the $27,718.50 in attorneys' fees requested for representing HCA in this litigation. The supporting documents reveal that lead counsel, Matthew Kreutzer, performed 16.3 hours of service at a rate of $325 per hour and local counsel, Darby Doan, performed 38.1 hours of service at a rate of $475 per hour. The documents further reveal that Doan's paralegal performed 6.5 hours of services at a rate of $130 per hour, and an associate attorney employed by Doan performed 14.7 hours of service at a rate of $235 per hour.

Defendants contend that neither attorney is entitled to charge a fee in excess of $250 per hour for the legal services involved in this case. In addition, Defendants maintain that the number of hours expended on this matter were excessive. Without citing any specific billed entries, Defendants argue that the issues presented in this litigation did not require the services of three lawyers and one paralegal to represent HCA's interests. In Defendants' view, many of the services billed by Doan—such as conferences, edits and reviews—could have been assigned to an associate attorney or a paralegal as a cost saving measure.

The Court has thoroughly reviewed the billing statements submitted by HCA and finds that many of the billed entries are either excessive, redundant, or unnecessary. The Court, therefore,

consideration.'" *Sherman v. Kasotakis*, 314 F. Supp. 2d 843, 882 (N.D. Iowa 2004) (quoting *Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997-98 (8th Cir.1999)). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. The fee applicant must also make a "good faith effort to exclude from her fee request hours that are excessive, redundant, or otherwise unnecessary." *Microsoft Corp. v. Delta Computer Experts, LLC*, No. 5:08CV0168 BSM, 2009 WL 348268, at *1 (E.D. Ark. Feb. 11, 2009) (citation omitted).

In the present case, HCA's counsel have submitted affidavits and statements for fees and costs in support of the $27,718.50 in attorneys' fees requested for representing HCA in this litigation. The supporting documents reveal that lead counsel, Matthew Kreutzer, performed 16.3 hours of service at a rate of $325 per hour and local counsel, Darby Doan, performed 38.1 hours of service at a rate of $475 per hour. The documents further reveal that Doan's paralegal performed 6.5 hours of services at a rate of $130 per hour, and an associate attorney employed by Doan performed 14.7 hours of service at a rate of $235 per hour.

Defendants contend that neither attorney is entitled to charge a fee in excess of $250 per hour for the legal services involved in this case. In addition, Defendants maintain that the number of hours expended on this matter were excessive. Without citing any specific billed entries, Defendants argue that the issues presented in this litigation did not require the services of three lawyers and one paralegal to represent HCA's interests. In Defendants' view, many of the services billed by Doan—such as conferences, edits and reviews—could have been assigned to an associate attorney or a paralegal as a cost saving measure.

The Court has thoroughly reviewed the billing statements submitted by HCA and finds that many of the billed entries are either excessive, redundant, or unnecessary. The Court, therefore,

will reduce the number of hours that were not reasonably expended by HCA's counsel. Accordingly, the Court finds the total number of allowable hours for Matthew Kreutzer to be 14. The Court finds the total number of allowable hours for Darby Doan to be 33.6. The Court further finds the total number of allowable hours for Mr. Doan's associate attorney to be 11.8 and the total number of hours allowed for his paralegal to be 5.5.

In addition, the Court finds that the hourly rates billed are excessive and should be reduced. *See Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005) ("[W]hen fixing hourly rates, courts may draw on their own experience and knowledge of prevailing market rates."). In reaching this conclusion, the Court notes that the issues actually litigated in this matter were not particularly complex or novel. Based on the Court's experience, rates of $225 per hour for a senior attorney, $175 per hour for an associate attorney, and $75 per hour for a paralegal are reasonable given the prevailing market rates, as well as the issues presented and the work performed in this litigation. Accordingly, HCA is awarded reasonable attorneys' fees in the amount of $13,187.50.

With regard to other expenses, the Court will disallow the costs of photocopying materials and long distance telephone calls. The Court will award HCA the expenses it paid for court fees, document processing fees, and travel to the contempt hearing. Accordingly, HCA is awarded reasonable costs in the total amount of $172.35.

### III. CONCLUSION

For the reasons explained above, the Court finds that HCA's Motion for Attorneys' Fees and Costs (ECF No. 50) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. In light of the findings outlined above, HCA is awarded reasonable attorneys' fees incurred as a result of successfully prosecuting the contempt proceedings in the total amount of $13,187.50. In addition, HCA is awarded reasonable costs in the total amount of $172.35. The award is to be

paid by Defendants Southern Home Care Assistance, Inc., Zachary F. Smith, and Lindsey R. Smith.  Defendants are directed to make payment to HCA within sixty (60) days of the entry date of this order.

**IT IS SO ORDERED**, this 30th day of November, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge
